UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE JAIME R. S., | Case No. 26-cv-1272 (LMP/DLM) |
| Petitioner, | |
| v. | **ORDER** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; IMMIGRATION AND CUSTOMS ENFORCEMENT; DAREN K. MARGOLIN, *Director for Executive Office for Immigration Review*; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | |
| Respondents. | |

Petitioner Jose Jaime R. S. is a native and citizen of Honduras who entered the United States in June 2018. ECF No. 1 ¶¶ 37–38. Upon entering the United States, Jose Jaime R. S. was placed in removal proceedings and released on his own recognizance. *Id.* ¶¶ 39–40. In January 2024, his removal proceedings were dismissed "as a matter of prosecutorial discretion." *Id.* ¶ 41.

Jose Jaime R. S. was arrested by immigration officials in Minnesota on February 9, 2026, and remains in the custody of United States Immigration and Customs Enforcement.

*See id.* ¶¶ 43, 45. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *Id.* ¶ 30. He contends that he is not subject to detention under 8 U.S.C. § 1225(b)(2) but instead is subject to detention, if at all, under 8 U.S.C. § 1226(a), *id.* ¶ 78, and that the Government has not presented a warrant that justifies his arrest or detention, *see id.* ¶ 75.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Jose Jaime R. S. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Jose Jaime R. S. raises the same legal issues and largely requests the same relief granted in those cases, namely: (1) an order requiring his immediate release from custody because he was not detained with a warrant of arrest; or (2) an order requiring the Government to conduct a bond hearing. *See* ECF No. 1 at 29–30.

This Court will not depart from its reasoning in its prior decisions. Accordingly, **IT IS HEREBY ORDERED** that:

2

1. The Government is directed to file an answer to Jose Jaime R. S.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1 ("Petition")) on or before Friday, February 13, 2026, certifying the true cause and proper duration of Jose Jaime R. S.'s confinement and showing cause why the writ should not issue in this case;

2. The Government's answer must include:

   a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Jose Jaime R. S.'s detention in light of the issues raised in his Petition;

   b. A reasoned memorandum of law and fact explaining the Government's legal position on Jose Jaime R. S.'s claims;

   c. A good-faith argument as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Roberto M. F.*, *Victor Hugo D. P.*, and *Joaquin Q. L.*; and

   d. The Government's recommendation on whether an evidentiary hearing should be conducted;

3. If Jose Jaime R. S. intends to file a reply to the Government's answer, he must do so on or before Wednesday, February 18, 2026;[1]

---

[1] The Court reserves the right to grant the Petition before Jose Jaime R. S. files his reply brief if the Government's answer plainly demonstrates that Jose Jaime R. S. is entitled to relief.

4. No further submissions from the parties will be permitted except as authorized by Court order;

5. The Government is **ORDERED** not to move Jose Jaime R. S. outside of the District of Minnesota during the pendency of these proceedings, so that Jose Jaime R. S. may consult with his counsel and participate in this litigation while the Court considers his Petition; and

6. If Jose Jaime R. S. has been moved or is in the process of being moved outside of Minnesota as of the time this Order is entered, Respondents are **ORDERED** to return him immediately to Minnesota.

Dated: February 10, 2026                *s/Laura M. Provinzino*
Time: 11:33 a.m.                        Laura M. Provinzino
                                        United States District Judge