## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE JAIME R. S., <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; IMMIGRATION AND CUSTOMS ENFORCEMENT; DAREN K. MARGOLIN, *Director for Executive Office for Immigration Review*; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, <br><br> Respondents. | Case No. 26-cv-1272 (LMP/DLM) <br><br><br> **ORDER GRANTING HABEAS PETITION** |

David L. Wilson and Clara E. Fleitas-Langford, **Wilson Law Group, Minneapolis, MN**, for Petitioner.

Troy R. Morley and David W. Fuller, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

      Petitioner Jose Jaime R. S. is a native and citizen of Honduras who entered the United States in June 2018. ECF No. 1 ¶¶ 37–38. Upon entering the United States, Jose Jaime R. S. was placed in removal proceedings and released on his own recognizance. *Id.*

¶¶ 39–40. In January 2024, his removal proceedings were dismissed "as a matter of prosecutorial discretion." *Id.* ¶ 41.

Jose Jaime R. S. was arrested by immigration officials in Minnesota on February 9, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *See id.* ¶¶ 43, 45. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *Id.* ¶ 30. He contends that he is not subject to detention under 8 U.S.C. § 1225(b)(2) but instead is subject to detention, if at all, under 8 U.S.C. § 1226(a), *id.* ¶ 78, and that the Government did not present a warrant that justified his arrest or detention, *see id.* ¶ 75. Jose Jaime R. S. filed a petition for a writ of habeas corpus challenging the lawfulness of his ongoing detention and requesting either his immediate release or an order requiring the Government to provide a bond hearing. *See id.* at 29–30.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to Jose Jaime R. S. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Accordingly, the Court ordered the

Government to answer Jose Jaime R. S.'s petition by February 13, 2026, "certifying the true cause and proper duration of Jose Jaime R. S.'s confinement," including a "good-faith argument as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Roberto M. F.*, *Victor Hugo D. P.*, and *Joaquin Q. L.*" ECF No. 3 at 2–3.

The Government timely responded and concedes that Jose Jaime R. S.'s petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided." ECF No. 5 at 1. Nevertheless, the Government "assert[s] all arguments raised by the government in . . . *Avila* [*v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)], preserve[s] those arguments for any appeal in this case, and respectfully request[s] that the Court deny [Jose Jaime R. S.'s] habeas petition." *Id.*

The Government also attached a copy of a warrant for Jose Jaime R. S.'s arrest which states that it was issued and served on Jose Jaime R. S. on February 9, 2026, ECF No. 5-1, the date that Jose Jaime R. S. was arrested, *see* ECF No. 1 ¶ 43. The Government asserts that "if the Court determines [Jose Jaime R. S.] is detained under § 1226(a) and not under § 1225(b)(2), then the appropriate remedy is to order a custody determination hearing instead of immediate release." ECF No. 5 at 1–2. Jose Jaime R. S., for his part, agrees that the "existence of the warrant only further proves and justifies that his detention is under § 1226(a), and not under § 1225(b)(2)," which entitles him to a bond hearing. ECF No. 8 at 2.

Because the Government has not demonstrated that the facts in this case are meaningfully or materially distinguishable from those presented in *Roberto M. F.* and

3

*Victor Hugo D. P.*, the Court concludes that Jose Jaime R. S. is detained under 8 U.S.C. § 1226(a). *See Roberto M. F.*, 2025 WL 3524455, at *4; *Victor Hugo D. P.*, 2025 WL 3688074, at *3. Further, "because a warrant was issued to [Jose Jaime R. S.] within 48 hours of his warrantless arrest, that warrant authorize[s] [his] continued detention pursuant to the discretionary detention framework of Section 1226(a)." *Fernando C. C. v. Bondi*, No. 26-cv-1235 (LMP/SGE), ECF No. 11 at 12 (D. Minn. Feb. 17, 2026). As a result, Jose Jaime R. S. "is entitled to the procedural protections of Section 1226(a), including a bond hearing." *Id.* (citing *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)).

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Jose Jaime R. S.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1 ("Petition")) is **GRANTED** as follows:

    a. The Court **DECLARES** that Jose Jaime R. S. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226;

    b. The Government is **ORDERED** to provide Jose Jaime R. S. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of his release by no later than **Wednesday, February 25, 2026**; and

    c. If the Government does not provide Jose Jaime R. S. with a bond redetermination hearing in accordance with this Order, the

Government is **ORDERED** to release Jose Jaime R. S. from detention immediately;[1] and

2. The Government is **ORDERED** to provide the Court with a status update by no later than **5:00 p.m. on Thursday, February 26, 2026**, concerning the results of any bond redetermination hearing conducted pursuant to this Order or, if no bond hearing was held, Jose Jaime R. S.'s release from custody.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 19, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

---

[1] To the extent that Jose Jaime R. S. seeks immediate release from custody, ECF No. 1 at 29, that request is **DENIED**. *See Roberto M. F.*, 2025 WL 3524455, at *5 (holding that a bond hearing is the proper remedy for a petitioner subjected to mandatory detention under Section 1225(b)(2) but properly subject to discretionary detention under Section 1226(a)). In addition, because the Court grants relief to Jose Jaime R. S. on his statutory claims, the Court need not adjudicate remaining Administrative Procedure Act and constitutional claims. *See United States v. Turechek*, 138 F.3d 1226, 1229 (8th Cir. 1998). Accordingly, those claims are **DISMISSED** as moot.